United States District Court
for the District of Rhode Island

United States of America,

v.

Patrick M. Vigneau.

Case No.: 1:97-cr.-00033-JJM-LDA

Second motion to modify the term of Imprisonment Pursuant to 18 USC §3582(c)(1)(A) because of "Extraordinary" and "Compelling" reasons warrant such a reduction.

## Introduction

Patrick M. Vigneau, files this "Emergency" Supplemental motion in support of his original motion because of "Emergency" measures to protect his health against covid-19 at Federal Correctional Institution, Danbury Connecticut.

Mr. Vigneau is an inmate at F.C.I. Danbury prison and is housed in a dorm that is <u>less</u> than the size of a "Basketball" court and he lives with 79 other inmates. If every inmate laid-down on their bunks, they could straighten their arms-out and touch, forming a complete circle. Point being, it is impossible for anyone to practice "<u>social-distancing</u>" here in Danbury.

The dorm here has no air-conditioning, no central air, and the only way to get fresh air is through a little window with a metal screen. Point being, we have no access to fresh air and we continuously breath the same stale air day-in and day-out. The warden came here a few weeks ago and told us that "this is ground zero for covid-19".

The conditions here are so loathsome and detestable that words could not describe what Mr. Vigneau is living through. Last week, the <u>Stamford Law Firm</u>, <u>Quinipiac University</u> school of law and <u>Yale Law school</u> filed a "<u>class action federal lawsuit</u>" to force authorities to take "<u>Emergency</u>" measures to protect the more than 1,000 men and women incarcerated here at F.C.I. Danbury. See Exhibit #1.

Last week "eleven" inmates died, bring the total to 38 inmates losing their lives in the B.O.P.

Also, last week F.M.C. Devens was served with a "class action" lawsuit and the federal Judge heard argument on A preliminary injunction.

In Ohio, where a federal Judge ruled that the B.O.P.'s operation of F.C.I. Elkton, amounted to an 8th Amendment violation. The Judge ordered the B.O.P. to publish a list of Elkton's inmates who were "medically vulnerable" to covid-19.

The list of 837 inmates released on thursday amounted to half the institution.

Unfortunately, last week, Andrea Circle Bear, a 30 year old pregnant inmate with a 26-month sentence, assigned to F.M.C. Carswell. She was put on a ventilator March 31st, 2020 and delivered her child by Cesarean section the next day. She died of covid-19 on April 28, 2020, never coming off the ventilator.

New York Times
"its an outrage that Andrea Circle Bear

3

, a near full-term, pregnant women with underlying medical conditions, lost her life while in federal custody".

Congressman, <u>Jerrold Nadler</u> (D-New York) chairman of the House Judiciary Committee, told Reuters, "we have a moral and constitutional duty to prevent additional deaths among those who are detained or imprisoned".

Sen. Richard Durbin (D-Illinois), who sits on the Senate Judiciary Committee, said "Simply put, this tragic death was preventable".

(Letter to D.O.J. Inspector General)(April 21st, 2020). Meanwhile, the Dallas News reported that F.M.C. Ft. Worth, a "federal prison that houses sick and elderly inmates has emerged as a Covid-19 hot-spot, setting staff and inmates on edge and fueling contraversy over how the prison system is handling

the pandemic". As of last night, F.M.C. Ft. Worth had 445 inmates cases, with four dead.

But the worst outbreak is in California, at F.C.I. Terminal Island, just south of Los Angeles. The prisons 620 coronavirus cases followed mass testing of more than 1,000 inmates by Los Angeles County Public Health officials, according to the B.O.P.. The facility now accounts for more than a third of documented federal prison inmates with coronavirus.

The stories continue and become more and more heartbreaking. 57% of all deaths from covid-19 are people with hypertention.

Mr. Vigneau has hypertention and is perscribed, Lisinopril and 81 mg Aspirin for stroke. See exhibit #2

On April 10, 2020, United States v. Sawicz, 08-cr.-287 (ARR) (E.D.N.Y.), Sawicz was released from Danbury on "Compassionate Release". His motion was granted and his sentence was reduced to time

5

served. He was ordered to be immediately released. Sawicz was a sex offender with two violations on his case, and was, and is a threat to all of our children.

Mr. Vigneau is not a threat to any one and he has completed over **90%** of his <u>sentence</u>.

As of last month, the B.O.P. has <u>re-calculated</u> Mr. Vigneau's release date and it is no-longer January, 2024. Mr. Vigneau's new release date is <u>June</u> of <u>2023</u>. See B.O.P. dot Gov.

Mr. Vigneau has with all due diligence, tried to file a new Administrate Remedy for this covid-19. He repeatedly requested the staff here for a BP-9 so he could file with the Warden, but was told that there were none available due to all of the inmates requesting the same form all at once.

Mr. Vigneau understands that an inmate confined in prison must follow the Administration's Remedy process" available to him, but where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an Administrative remedy, they render that remedy "unavailable" (2019 U.S. Dist. Lexis 3) and a court will excuse the prisoner's failure to exhaust." Kaba v. E.A. Stepp, 458 F.3d. 678, 684 (7th cir. 2006).

6

"if administrative remedies are not "available" to an inmate, then the inmate cannot be required to exhaust". Miller v. Norris, 247 F.3d. 736, 740 (8th cir. 2001) (same).

In Sawicz, the court stated that "the lapse of 30 days from the reciept of such a request by the warden of the defendant's facility, which ever is earlier." 18 USC § 3582 (c)(i)(A).

The court waived the exhaustion requirements in this case. The court found that "Even where [administrative] exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute". Washington v. Barr, 925 F.3d. 109 118 (2u cir 2019). The court went on to say that "A court may waive an administrative exhaustion requirement where [exhaustion] would be incapable of granting adequate relief... [or] where pursuing review would subject [the person seeking relief] to undue prejudice." Further "[U]ndue delay, if it in fact results in catastrophic health consequences, can justify waiving an administrative exhaustion requirement for any of those three reasons. Id. at 120-21.

7

Here the court determined that the covid-19 outbreak at "F.C.I. Danbury" combined with Sawicz's risk of suffering severe complications because of his hypertention justified waiver.

"The delay that the defendant would experience if he had to wait for 30 days to expire before pursuing a motion for compassionate release in this court would put him at significant risk of suffering catastrophic health consequences."

The court also stated that extraordinary and compelling reasons warranted Sawicz's release here by way of the covid-19 pandemic combined with Sawicz's particular vulnerability to complications from covid-19 because of his hypertention.

Mr. Vigneau request this Honorable court to waive this covid-19 administrative remedy process because this institution made the administrative remedy process un available to him.

8

## Conclusion

Mr. Vigneau request this Honorable court to release him on this covid-19 pandemic issue following the same reasoning as the Sawicz court, because of Mr. Vigneau's <u>hypertention's</u> and the fact that he is prescribed the same exact medication as Sawicz, and is suffering the same conditions.

## Declaration of Service

I Patrick M. Vigneau, declare, pursuant to 28 U.S.C. § 1746, that I have this day served a copy of this motion to modify term of imprisonment, upon the United States Attorney for the District of Rhode Island, by placing same in the prison mailbox, appropriately addressed and affixed with first class US Postage pre-paid.

Signed under the pains and penalty of perjury, May 4, 2020

Patrick M. Vigneau

9

<u>United States District Court
for the District of Rhode Island</u>

United States of America

v.                                          Case No. 1:97-cr-33-JJM-LDA

                                            May 4, 2020

Patrick M. Vignesu

Dear Clerk of Court,

Please except my apology for this hand-written motion. I am in Danbury Federal Prison and the entire institution is in Lock-down due to the Covid-19 Pandemic. I have no access to a type-writer, a copy machine or a printer.

Thank you for your patience.

Respectfully
Submitted

Patrick
Patrick M. Vignesu