UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK M. VIGNEAU | Criminal Case No. 97-33-JJM |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SECOND PRO SE MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582 FOR
EXTRAORDINARY AND COMPELLING REASONS**

The government files this supplemental memorandum in response and objection to Defendant Patrick Vigneau's second pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) based on concerns about the impact of coronavirus disease 2019 ("COVID-19"). The Defendant, a represented party, has not established a basis for hybrid representation. The Defendant's *pro se* motion for release attempts to litigate issues that defense counsel, Assistant Federal Public Defender Kevin Fitzgerald, has already addressed in his supplemental memorandum in support of Defendant's request for compassionate release. In fact, the government has just filed a lengthy memorandum responding to defense counsel's supplemental memorandum.

The Defendant's newly filed motion makes no claim that hybrid representation is necessary, nor does it address why retained counsel cannot adequately handle the matter. A defendant has a right to be represented by counsel, or to proceed *pro se*, but does not have the right to "hybrid representation" – choosing those portions of a proceeding he wishes to conduct and leaving the rest to counsel. *United States v. López-Soto*, __ F.3d __, 2020 WL 2570166, at *9 (1st Cir. May 21, 2020) ("So long as López-Soto was represented by counsel, he had no right to file his own motions. López-Soto 'has no right to hybrid representation' by himself and counsel simultaneously.") (citation omitted); *United States v. Campbell*, 61 F.3d 976, 981 (1st Cir. 1995); *United States v.*

1

*Pereira*, Cr. No. 1:20-MJ-12PAS, 2020 WL 1139878, at *1 (D.R.I. Mar. 9, 2020); *United States v. Caramadre*, Cr. No. 11-186-ALL-S, 2013 WL 5565862, at *1 (D.R.I. Oct. 8, 2013). Hybrid representation should "be employed sparingly and, as a rule, is available only in the district court's discretion."  *Campbell*, 61 F.3d at 981 (*quoting United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989)).

The instant case does not represent a circumstance where retained counsel is unable to adequately address the issues.  Rather, the Defendant has decided to pick and choose when to use retained counsel and when to proceed alone.  Allowing the Defendant to proceed in this fashion places additional burdens on the Court and the government and negatively impacts the relationship with his hired attorney.

## CONCLUSION

For the foregoing reasons, Defendant's second pro se motion for compassionate release should be denied.

                                              UNITED STATES OF AMERICA

                                              AARON L. WEISMAN
                                              UNITED STATES ATTORNEY

/s/ Lauren S. Zurier
LAUREN S. ZURIER
Assistant United States Attorney

/s/ Christine D. Lowell
CHRISTINE D. LOWELL
Assistant United States Attorney

s                    United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000 (phone)
(401) 709-5001 (fax)
Lauren.Zurier@usdoj.gov

## CERTIFICATION OF SERVICE

On May 27 2020, I caused this filing to be filed electronically and it is available for viewing and downloading from the ECF system, and thereby made the filing available to Defendant's counsel, Assistant Federal Public Defender Kevin Fitzgerald.

/s/ Lauren S. Zurier
LAUREN S. ZURIER
Assistant U.S. Attorney