UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR 97-033 JJM |
| | ) | |
| PATRICK VIGNEAU | ) | |

_____

REPLY TO GOVERNMENT'S RESPONSE TO
MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582
FOR EXTRAORDINARY AND COMPELLING REASONS

Patrick Vigneau makes this brief reply to the government's objection.

First, the government says that Mr. Vigneau is homeless or would be homeless if released from custody. It bases this conclusion on a base entry in the BOP's files at FCI Danbury. The government's reliance on the BOP for this information is particularly misplaced. Mr. Vigneau informed the Court in his motion – and the government as well - that he had a residence set up with a cousin in West Warwick. Counsel has been in contact with Mr. Vigneau and his family and has confirmed the residence. In fact, Mr. Vigneau now has a potential secondary address with family in RI in case the first is not acceptable to the Probation Department. Mr. Vigneau is not homeless.

Second, Mr. Vigneau did add the COVID-19 crisis to his initial request for compassionate release before allowing the BOP to consider the request. No matter. Mr. Vigneau has since tried to request, and did request, compassionate release for the virus in at least two instances. He explained the first instance in his May 4, 2020, *pro se* motion to this Court (filed on May 13, 2020, ECF #323). In that filing he recounts to the Court the "run-around" he was given when he tried to request relief – the prison allegedly ran out of the "BP-9" form to request relief – and then properly asked the Court to declare he had exhausted his administrative remedies for the purposes of compassionate release. In the sencond instance, after filing his *pro se* motion, the prison accepted his request for compassionate release based on the COVID-19 virus on May 15, and promptly denied it on May 19. Given these circumstances, Mr. Vigneau believes the matter to be ripe for this Court to consider, but, if necessary, the Court should hold this part of the compassionate release request until June when the artificial 30 day period will expire.

Third, the government says that Mr. Vigneau's compassionate release request does not present any requisite "extraordinary and compelling" reasons, while failing to offer any guidance as to what would be such a requisite reason. In fact, the government intimates that this request fails simply because the BOP warden did not grant it. *See* Gov't Response, ECF #325, at 15. The government is wrong. The statute clearly gives the District Court the authority to determine what reasons meet that standard. 18 U.S.C. 3582(c)(1)(A)(i) (A court may reduce a prisoner's sentence "if it finds that []

2

extraordinary and compelling reasons warrant such a reduction").[1] Mr. Vigneau's reasons were fully discussed and explained in his initial motion and plainly meet this standard.

**Conclusion**

Again, Mr. Vigneau presents "extraordinary and compelling" reasons warranting relief under 18 U.S.C. 3582(c)(1)(A)(i). This Court, therefore, should grant this motion and release Mr. Vigneau immediately.

---

[1] A majority of district courts, including district courts within the First Circuit, have concluded that the "old policy statement provides helpful guidance, [but] . . . does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)." *United States v. Beck*, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *see also United States v. Brown*, 411 F. Supp. 3d 446, 451 ("[T]he most natural reading of the amended § 3582(c) . . . is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[D]eference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role. I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); *United States v. Bucci*, 409 F. Supp. 1, 2 (D. Mass. 2019) (following *Fox* and holding that "the Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"); *United States v. Redd*, 2020 WL 1248493, at *7 (E.D. Va. Mar. 16, 2020) ("Application Note 1(D)'s prefatory language, which requires a [catchall] determination by the BOP Director, is, in substance, part and parcel of the eliminated requirement that relief must be sought by the BOP Director in the first instance. . . . [R]estricting the Court to those reasons set forth in §1B1.13 cmt. n.1(A)-(C) would effectively preserve to a large extent the BOP's role as exclusive gatekeeper, which the First Step Act substantially eliminated . . . ."); *United States v. Young*, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) ("[T]he dependence on the BOP to determine the existence of an extraordinary and compelling reason, like the requirement for a motion by the BOP Director, is a relic of the prior procedure that is inconsistent with the amendments implemented by the First Step Act."); *United States v. Maumau*, 2020 WL 806121, at *2-*3 (D. Utah Feb. 18, 2020) (collecting cases).

        Respectfully Submitted
        Patrick Vigneau
        By his attorney,


        /s/ Kevin J. Fitzgerald, 5775
        Assistant Federal Public Defender
        10 Weybosset Street, Suite 300
        Providence, RI 02903
        401-528-4281
        FAX 528-4285
        kevin_fitzgerald@fd.org


## CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lauren Zurier and Christine Lowell, Assistant United States Attorneys, on May 28, 2020.

        /s/ Kevin J. Fitzgerald