United States District Court
for the District of Rhode Island

United States of America

　　v

Patrick M. Vigneau

Case No: 1:97-cr-00033 JJM-LDA

RECEIVED
JUN 03 2020
U.S. DISTRICT COURT
DISTRICT OF R.I.

Dear Clerk of Court,

Please take my apology again for not typing this, but we are still in Lock-down with no access to a typewriter.

Also, the attorney that this Court appointed me back in 3-16-20 DN #320 has not been honest with me. I spoke with him on a "recorded phone call" around the 22nd of March and he told me he was going to file a memorandum in support of my motion and add the Covid-19 argument in No-More than 14 days from our phone call. That would have been no later that the first week of April or there abouts.

1 of 2

I told him about the conditions here and he promised me he would have everything done and sent to me. He has done nothing for me while everyone here is sick fighting for their lives.

I bring this to the Courts attention because no-one should be paid for work that they never planned on doing.

Again, thank you for your patients in excepting these hand written motions. I know my handwriting is Bad!

Thank you

P. U____

May 27, 2020

United States District Court
for the District of Rhode Island

RECEIVED
JUN 0 3 2020
U.S. DISTRICT COURT
DISTRICT OF R.I.

United States of America

v.

Patrick M. Vigneau

Case No.: 1:97-cr-00033-JJM-LDA

## NEW INTERVENING UNITED STATES DISTRICT COURT DECISION

### Covid-19

The Federal Court here in Connecticut gave a victory Tuesday, May 12, 2020 to about 1,000 inmates at the Federal Prison in Danbury CT, who charged in a class action suit late last month that they are being confined in unconstitutionally dangerous conditions because authorities have

1.

Failed to release prisoners to home confinement and take other steps to stop the spread of corona-virus in the institution.

The United States District Court Judge, Michael Shea issued an order that gives the prison administration just days to identify inmates with "health conditions" that place them at risk for covid-19 complications and to begin aggressively evaluating request by prisoners for transfer to home confinement or compassionate release.

In his 74 page order, Judge Michael Shea refers to "the apparent failure of the Danbury Administration to carry out an April 3, 2020 memo by U.S. Attorney General, William Barr ordering the Administration at Danbury and other prisons to maximize emergency authority granted by Congress to release inmates to home confinement.

2.

In the memo, Barr referred specifically to "Danbury" prison and others elsewhere in the country, particularly hard hit by the virus. He expanded the number of inmates eligible for release to home confinement and noted the speed with which the virus has spread through the general public. He also stated that the United States Bureau of Prisons profound obligation to protect the health and safety of all the inmates, and the fact that time is of the essence.

In their suit, the Danbury inmates, men and women, complained that the local administration was intentionally dragging its feet on compliance with Barr's memo and Judge Shea endorsed the complaint in his decision.

The inmates argued, and Judge Shea agreed that prisoner releases or transfers are necessary to decrease congestion and permit adequate social distancing within the institution.

3

Judge Shea has ordered the Danbury Administration to provide him with a list of inmates eligible for transfer to home release and those who are not. In the case of those who are denied release, Judge Shea ordered the prison to provide explanations why.

I was refused by the Warden because:

"You have not shown evidence of a debilitating medical condition nor in review of your current medical record has there been documentation of a decrease in your ability to manage your self - carry medication, activities of daily living. Nor are you currently confined to a bed or chair for more than 50% of your waking hours".

See exhibit #1

4.

Also, I was refused by the Warden because my case is violent.

"You were reviewed for release to home confinement under the CARES Act and found to be ineligible due to your current conviction of violence and prior conviction for violence."

See exhibit #1

My current offense is Non-violent marijuana, No guns, No-victims.

My past conviction for violence was a misdemeanor assault back in the 1980s which I was wrong for doing but these convictions were around 35 years ago. I don't believe, but I can be wrong, that these old convictions should be used against me today because I am not the same person I was back then.

5

The Warden denied my release under medical without even reviewing my medical records which would have shown that I have hypertension and I am on Lisinopril with Aspirin for Stroke.

If she reviewed my records she would have seen that the medication I was prescribed is NOT working and my blood pressure is way too high, and the doctor here stated that she has to change my medication, but was unable to do so because we were on Lock-down for the last three months due to the Covid-19 outbreak.

Also, I have "Latent Tuberculosis". A communicable bacterial disease that affects the lungs, marked by fever, cough and difficulty in breathing.

I was diagnosed with this disease in federal prison back in 1998. And I was told that any form of flu or pneumonia can trigger this to full-blown T.B.

6.

Also, the C.D.C. stated that pneumonia was one of the diseases that complicate Covid-19 and is on the list for people for early release.

I have had pneumonia over (6) times in my life. I've had Bronchitis over (5) times in my life. I've had Meningitis which is a bacterial disease that encloses the brain and spinal cord with inflammation.

My Lungs are scared to a point where any and all colds affect me more than anyone.

I make all of these statements above under the Pains and Penalties of Perjury, and ask this Court to take all of my past medical issues under advisement and consider me for home confinement.

Respectfully Submitted

Patrick V_____
Pro-Se

May 27, 2020

7.

Declaration of Service

I, Patrick M. Vigneau, declare, pursuant to 28 U.S.C. § 1746, that I have this day caused these papers to be served upon the United States Attorney for the District of Rhode Island, by placing same in the prison mailbox, appropriately addressed and affixed with First Class U.S. postage pre-paid on today, May 27, 2020.

Signed under the pains of perjury May 27, 2020

*[signature]*

8.

*Exhibit #1*

RECEIVED
JUN 0 3 2020
U.S. DISTRICT COURT
DISTRICT OF R.I.

## Response to Inmate Request to Staff Member

VIGNEAU, Patrick
Register Number: 04432-070
Unit: E-A

---

You requested a reduction in sentence (RIS) based on concerns about COVID-19. After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

You have not shown evidence of a debilitating medical condition nor in review of your current medical record has there been documentation of a decrease in your ability to manage your self-carry medication, activities of daily living nor are you currently confined to a bed or chair for more than 50% of your waking hours.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

You were reviewed for release to home confinement under the CARES Act and found to be ineligible due to your current conviction of violence and prior conviction for violence.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate

Exhibit #1

form (BP-9) within 20 days of the receipt of this response.

_D. Easter_   _5-19-2020_
D. Easter, Warden                                Date